UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK DEWAYNE HALL,** | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:25-cv-234-AMM-JHE |
| **B.D. WALKER,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Patrick Dewayne Hall or filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. On September 4, 2025, the magistrate judge entered a Report and Recommendation, Doc. 9, recommending that the petition for writ of habeas corpus be dismissed with prejudice. Mr. Hall filed timely objections. Doc. 10.

Mr. Hall objects to the magistrate judge's application of the "savings clause" in 28 U.S.C. § 2255(e) and the *McCarthan* rule finding that a prisoner can only proceed with a *habeas* petition pursuant to 28 U.S.C. § 2241 if the remedy under 28 U.S.C § 2255 is "inadequate or ineffective." *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017) (en banc). Mr. Hall asserts several specific objections:

1. Mr. Hall asserts that "[t]he Supreme Court has long held that actual innocence is a gateway claim that must be heard, even when procedural rules would otherwise bar review." Doc. 10 at 1.

2. He further asserts that in his previously filed Section 2255 petition he "raised ineffective assistance and sentencing issues, but he never claimed actual innocence," and that his claim of actual innocence "cannot be dismissed as repetitive." *Id*.

3. Mr. Hall argues the savings clause allows for this type of habeas petition when the relief offered under Section 2255 is "inadequate or ineffective." *Id*. at 2. He also alleges that "[w]here new or unavailable evidence demonstrates innocence, § 2241 is the only meaningful avenue." *Id*.

4. Mr. Hall asserts that "[o]ther circuits permit § 2241 petitions where new precedent or evidence demonstrates innocence." *Id*. He argues that "[t]he Eleventh Circuit's restrictive reading in McCarthan should not be extended to bar a claim of actual innocence supported by evidence." *Id*.

5. Mr. Hall claims that the evidence he put forward in his habeas petition is new, because "evidence is 'new' for habeas purposes when it was not presented to the factfinder, even if it technically existed earlier." *Id*.

    6. He further claims that the evidence he presented – even if it was not new – should be considered because it is being presented to support a different argument. *Id*.

    7. He claims that his "trial counsel failed to raise this transcript evidence properly, leaving him without a fair opportunity to use it before." *Id*.

Mr. Hall concludes his objections by arguing that dismissing his habeas petition would "contradict[] due process" and violate the suspension clause of the United States Constitution. *Id*. at 2–3. Mr. Hall's objections attempt to circumvent the *McCarthan* standard to have a second bite at the apple when it comes to claims he should have asserted in his Section 2255 motion to vacate. Mr. Hall's objections can be separated into two primary issues: first, whether the fact that he is asserting actual innocence bypasses the *McCarthan* standard and second, whether the evidence he included in his petition should be classed as "new," and if that makes a difference with regard to meeting the *McCarthan* standard.

    First, Mr. Hall argues that a claim of actual innocence is a "gateway claim" that must be heard "even when procedural rules would otherwise bar review." *Id*. at 1. He further asserts that relief under Section 2255 is "inadequate or ineffective" when "new or [previously] unavailable evidence demonstrates innocence." *Id*. at 2. This is, however, incorrect. As discussed in the Report and Recommendation, Mr.

3

Hall is challenging the validity of his conviction and sentence under 28 U.S.C. § 2241. A federal court can entertain this type of habeas petition if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Relief under Section 2255 is considered "inadequate or ineffective" when: (1) a petitioner challenges the execution of a sentence, such as the deprivation of good-time credits or parole determinations; (2) the sentencing court is unavailable or has been dissolved; or (3) practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate. *See McCarthan*, 851 F.3d at 1092–93.

As noted in the magistrate judge's Report and Recommendation, none of these factors are present in Mr. Hall's case. He is not challenging the execution of his sentence; he is arguing that he was wrongfully convicted altogether. Mr. Hall also has not alleged that his sentencing court is unavailable or that there is a practical reason that he cannot file a motion to vacate – in fact he already filed a motion to vacate under Section 2255. Instead, Mr. Hall claims that his argument – actual innocence – entitles his petition to be heard even if he does not meet the *McCarthan* standard of inadequate relief. There is no such exception. Mr. Hall cites caselaw from other circuits[1] to attempt to support his claim that an actual innocence argument

---

[1] *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *United States v. Wheeler*, 886 F.3d

can bypass the *McCarthan* standard, and argues that "[t]he Eleventh Circuit's restrictive reading" of the savings clause in *McCarthan* "should not be extended to bar a claim of actual innocence supported by evidence." Doc. 10 at 2. However, precedent set by another circuit cannot be used to abrogate precedent set by the appellate circuit in which this court sits. Additionally, one of the cases Mr. Hall cites was decided prior to *McCarthan*.[2] Even if the cases did stand for the arguments Mr. Hall makes (they do not), the *McCarthan* standard would supersede precedent from another circuit and cases decided prior to *McCarthan*.

    Mr. Hall then argues that evidence he submitted in support of the current *habeas* petition is "new," and, therefore, should be considered. In his petition, Mr. Hall included transcript excerpts from his change of plea/sentencing hearing.[3] *Id.* at 6–12. As noted in the magistrate judge's Report and Recommendation, the court transcripts Mr. Hall submitted as evidence were available to him prior to filing his Section 2255 motion to vacate on August 1, 2019. Mr. Hall contends in his objections that the evidence should still be considered new because he is using it to support a new argument – actual innocence. Mr. Hall argues that his Section 2255

---

415 (4th Cir. 2018).
[2] *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).
[3] Mr. Hall lists other evidence including his indictment, presentence investigation report, and his judgment and commitment order. However, only the transcript excerpts are included. Doc. 1 at 6–12.

5

motion to vacate "raised ineffective assistance and sentencing issues, but he never claimed actual innocence." *Id.* at 1. Mr. Hall contends that "evidence is 'new' for habeas purposes when it was not presented to the factfinder, even if it technically existed earlier," that the transcript "was never used to assert factual innocence," and that "using existing evidence for a new innocence claim qualifies as 'new.'" *Id.* at 2. As noted in the Report and Recommendation, even if the evidence Mr. Hall has presented was considered 'new,' the appropriate avenue to present this evidence would have been in his Section 2255 motion to vacate.

A *habeas* petition pursuant to Section 2241 is authorized via the Section 2255(e) savings clause when the motion to vacate "is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at 1099. As determined in *McCarthan*, if the petitioner "was free to bring" his actual innocence claim in his initial motion to vacate, the relief provided via the motion to vacate is an "adequate and effective means for testing such an argument." *Id.* at 1099–100 (quoting *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011)). As such, the petitioner cannot then use the savings clause to bring the claim in a petition for a writ of habeas corpus. *See id.* Under this standard, Mr. Hall's argument that his habeas corpus petition should be heard pursuant to the Section 2255(e) savings clause fails, because he was free to

6

bring his actual innocence claim in his Section 2255 motion to vacate. His failure to do so does not give him an avenue to circumvent the *McCarthan* standard.

Mr. Hall ends his list of objections by arguing that his trial counsel failed to raise the transcript evidence properly and, therefore, Mr. Hall was left without a fair opportunity to bring the claim previously. Doc. 10 at 2. The glaring issue with this argument, however, is that Mr. Hall filed his Section 2255 motion to vacate *pro se* and was free to bring whatever arguments he chose.[4] *Hall v. United States of America*, 2:19-cv-8032-LCB, Doc. 1. As with the rest of his claims, a claim of ineffective assistance of counsel is appropriately addressed through a Section 2255 petition. Though he was unsuccessful before the district court, his appeal remains pending. However, even if the Eleventh Circuit ultimately finds against Mr. Hall, an unfavorable opinion does not render the relief *available* under Section 2255 to be ineffective.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

---

[4] Counsel was later appointed to represent Mr. Hall at an evidentiary hearing, but counsel did not prepare the initial motion to vacate. *Hall v. United States of America*, 2:19-cv-8032-LCB, Doc. 36.

7

**DONE** and **ORDERED** this 14th day of January, 2026.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE